[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

_Antonio C. Armour_

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

_D. Stickles; Thomson F.C.I._
_warden; The dog program;_
_Donnie, the owner of the dog_
_program; William K. Marshall;_
_Director of the Bop, sued in_
_there indivisual and official_
_Capacities_

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

**RECEIVED**

**JUN 08 2026**

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

Case No: _____26-50226_____

(To be supplied by the <u>Clerk of this Court</u>)

**CHECK ONE ONLY:**

✓ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.     **Plaintiff(s):**

A.     Name: _Antonio Curtis Armour_

B.     List all aliases: _Antonio Curtis Armour_

C.     Prisoner identification number: _09607-027_

D.     Place of present confinement: _FCI Thomson_

E.     Address: _P.O. Box 1002 Thomson, IL 61285_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.     Defendant: _D. Stickles_

       Title: _Acting Warden at the time of incident_

       Place of Employment: _Currently Berlin; at the time of incident he was employed at FCI Thomson, P.O. Box 1002, Thomson, IL 61285_

B.     Defendant: _The dog program_

       Title: _The dog program_

       Place of Employment: _FCI Thomson P.O. Box 1002 Thomson, IL 61285_

C.     Defendant: _Donnie (Last name unknown)_

       Title: _Owner / CEO of dog program_

       Place of Employment: _Unknown_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: *Have not been assigned a Case and docket number as of May 31, 2026*

B. Approximate date of filing lawsuit: *on or about 2-14-26*

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: *Antonio C. Armour*

D. List all defendants: *Michelle Kraus ; Anthony Greller ; Holly A. Brady*

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): *7th Circuit district court*

F. Name of judge to whom case was assigned: *Have not been assigned as of may 31, 2026*

G. Basic claim made: *Intentional misrepresentation, fraud, forgery*

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): *Currently pending*

I. Approximate date of disposition: *Currently pending*

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3                                                                                     Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On or about 12-13-25 plaintiff was attacked by a dog here at Thomson, IL. On or about 12-17-25 I wrote a grievance on the dog Attack. On or about 12-17-25 I wrote the warden and informed the warden the dog attack and grievance and staff misconduct. On or about 12-28-25 I wrote William K. Marshall and informed him of the situation. (see App H) Plaintiff Also sent the warden an electronic pop out on 12-19-25, 12-21-25, 12-22-25 and many many other undocumented times. The warden refuse to order my unit team to respond to any grievance or refuse to help protect plaintiff. William K. Marshall is in charge of the safety and mental health of every inmate in the Bop. He failed to protect my safety and mental health. Especially, after I wrote him a letter and he not only failed

4                                                        Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

to respond but failed to order his co-workers to do the ethical thing. Or failed to do anything. Plaintiff does not have Donnie's full name as he has tried to obtain it through due diligence and was unable to obtain it. I've tried to get my mother to google it and was also unsuccessful. I was told by someone in the dog program that "it is a lady name Donnie that owns the dog program and she must be included on the lawsuit. She is the owner which make her responsible for the dog program as a hole. Additionally, Every person listed on the certificate of interested persons and Corporate disclosure statement; has either made a statement about the dog attack, I've talk to about the dog attack or they harrassed and targeted me over me filing on the dog attack. (Grievances and/or lawsuit)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.      Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I would like to be transfered away from dogs and the violent staff. I would like the courts to Award me 2,000,000 Two million dollars in damages. For the dog grabbing and ripping on my dicds. I am tramatized. Also mental and emotional distress due to the dog attack and staff misconduct, and staff harrassment.

**VI.      The plaintiff demands that the case be tried by a jury.**   ☑ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___2nd___ day of ___June___, 20 _26_

_____Antonio Armour_____
(Signature of plaintiff or plaintiffs)

_____Antonio Armour_____
(Print name)

_____0960-7-027_____
(I.D. Number)

_____FCI Thomson, P.O. Box 1002, Thomson, IL 61285_____

(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

page 2

Question 11. Defendants:

(A) Defendant: William K. Marshall

title: Director of the Bureau of prisons.

place of employment: Central office 320 First street Northwest, Washington, DC 20534

In the United States District Court
For the District of Illinois

①

|  |  |
|---|---|
| Antonio C. Armour | ) |
| plaintiff | ) |
|  | ) |
| V. | ) |
| D. Stickles, Thomson Federal | ) |
| Correctional Facility warden; | ) |
| The dog program; Donnie the | ) |
| owner of the dog program; | ) |
| William K. Marshall III Director | ) |
| of the Bureau of prisons, sued | ) |
| in there indivisual and | ) |
| official Capacities. | ) |
| defendants | ) |

Case no.

Civil Rights Complaint
42 u.s.c. §1983

Trial by Jury demanded

Comes new, Antonio C. Armour register number 09607-027 plaintiff pro se, who presents the following civil-rights Complaint and claim for compensatory, declaratory, and injunctive relief as follows:

## I. Introduction

This Action places before the court a lawsuit involving the administration of the Thomson Federal Correctional Facility A prison facility of the Illinois Federal Correctional facility charged with the custody and Control of Approximately 2000 inmates; and the dog program; The owner/CEO of the dog program Donnie; William K. Marshall, director of the Bureau of prisons.

## II. Parties

plaintiff

Antonio C. Armour register number 09607-027, is



presently serving a criminal sentence in the custody of the Thomson Federal Institution. At All times relevant to this action, plaintiff was housed at Thomson Federal Facility P.O. Box 1002 Thomson, IL 61285 where he currently resides.

Defendants

1.  The dog program at all times relevant to this action is/was a 18 month FSA program designed to train service dogs to work/help disabled individuals. The dog program is located on/in Fox unit, range 4 in regular population with the other ranges on Fox unit. The dog program is responsible for the service dogs here at Thomson. Plaintiff was not in the dog unit or dog program at any time. The dog program is hereby sued in its individual as well as official capacity, jointly and severally, for those acts and omissions described fully below.

Defendants

2.  D. Stickles (acting warden at the time) at all times relevant to this action was employed as warden of Thomson, charged with the custody and care of plaintiff. Warden D. stickles is the facilites highest authority responsible for the appointment, employment, FSA classes, and oversight of facility staff, oversight of facilities operations generally, and is the final appellate authority over inmate institutional grievances and concerns. At All times relevant to this complaint, Warden D. Stickles acted under the color of federal law. He is hereby sued in his individual as well as official capacity, jointly and severally

③

for those acts and omissions described below.

Defendants

3. Donnie (owner and creator of the dog program CEO) at all times relevant to this complaint is/was the owner and creator of the dog program is charged with the custody and care of the dogs housed here at Thomson, and the final authority responsible for the selection of the dogs as well as the sole reason the dogs are here at Thomson, IL in the first place.

Defendants

4. William K. Marshall III (Director of the Bureau of prisons), at all times relevant to this complaint is/was the director of the Bureau of prisons, charged with the safety and mental health care of every single person in the custody of the BOP. From the highest security level to the lowest security level. Director William K. Marshall III is responsible for all Bureau of prisons staff, all bureau of prisons operations overall, and is the final say so over all Bureau of prisons all over the United States. Director William K. Marshall III acted under the color of federal law. He is hereby sued in his individual as well as official capacities, jointly and severally for those acts and omissions described below.

III. Jurisdiction and Venue

④

1. Jurisdiction is asserted pursuant the united states constitution and 42 u.s.c. § 1983 to redress the deprivation of those rights secured by the united states constitution deprived by persons acting under color of fedral law. The court has jurisdiction over these matters pursuant to 28 u.s.c § 1331, 1343 (a)(3)

2. Jurisdiction is asserted pursuant to Bivens vs. six unknown named agents, 403 u.s. 388(1970), a Bivens action allows federal employees to be sued for damages for there violations of the Constitution, 28 u.s.c. § 2679(b)(2)

3. Plaintiffs claim for injunctive relief is authorized pursuant to 28 u.s.c. 2283, 2284

4. The united states District court for the district of Illinois, City of Thomson is the appropriate venue for trial pursuant to 28 u.s.c. 1391(b)(2); the city of Thomson is were the events Complained of have occured. Although it there is no fedral building located in the city of Thomson. Rockford, IL would then be the appropriate venue for trial.

## IV. previous lawsuits

plaintiff has recently filed a civil lawsuit in February of 2026, and is currently pending. Plaintiff has not filed any previous litigation regarding any of the issues described in this complaint, Except the claim for damage, injury or death form, Along



with the grievance's associated with the dog attack; and a notice attached filed on 4-16-26, with the North Central Regional office 400 state Ave Suite #800 Kansas City, KS 66101

## V. Statement of facts

1. on or about 2-12-25 Plaintiff arrived at Thomson, IL and was placed on Alpha housing unit. (Away from dogs)

2. on or about 10-15-25 the institution changed Alpha unit into a 50 years and older unit. Everyone under 50 years was moved to a different unit. Plaintiff informed Counsler Disher that he was scared of dogs from being bit at a young age and asked could he be moved to A range were there are no dogs (which there are three range's without dogs which are Brava Unit, Charlie unit, and Hotel unit) Counsler stated "you dont get to pick were you go". Against his wishes, plaintiff was moved to Fox unit were the dog program is located.

3. on or about 12-13-25 plaintiff was walking out of his range; range 2 into Range 3. As plaintiff was walking out of Range 3 and back onto his Range; range 2 he was attacked by a dog that was in



the rotunda. Plaintiff did not try to pet the dog, talk to the dog or have any interaction with that dog or any dog. Plaintiff was simply walking past and the dog grabbed his dredlocks ripping on them as his hair go's past his knees. Plaintiff could not get the dog off of his hair as he did try and was unsuccessful. The dogs teeth was locked in on plaintiffs dredlocks. Plaintiff yelled to the dog handler "get your dog man". The dog handler grabbed the dog by the mouth yelled at the dog and forcibly got the dog off of my hair. As a result plaintiff had three dredlocks severly weakend and/or torn out. Plaintiff had to tie them back together. As he went straight to his cell examined the damage and tied three of his dredlocks back together. The dog did not penetrate any skin; it was luckily only bitting and ripping on plaintiff's dredlocks. Plaintiff's condition is current and ongoing and has resulted in plaintiffs inability to sleep, exercise, participate in FSA classes, or even go to the law library. Plaintiff is tramitized by the attack and has became a general loss of lifes amenities and privileges. Plaintiff now succumbs to severe and prolonged spells of depression, while at the same time suffering from a prevailing and deep seated anxiety over the dog attack.

4. On or about 12-13-25 plaintiff informed the Correctional officer's working that day that he was attacked by a dog. The Correctional officer said "no way".



5. on or about 12-14-25 plaintiff asked Counster Sumker for a grievance to file on the dog program about the attack. Grievance was denied by Counster Sumker he stated "I am busy".

6. on or about 12-15-25 plaintiff asked Counster Sumker for a grievance once again and was denied by Counster Sumker he stated "not right now"

7. on or about 12-15-25 plaintiff informed his unit manager that he has been trying to obtain a grievance form from his Counster but was denied she stated "Counster's have to be the one who gives me a grievance form.

8. on or about 12-16-25 plaintiff sent an electronic email to his Unit team explaining the dog attack and that he has been trying to file a grievance but has been denied a grievance form.

9. on or about 12-17-25 Unit manager seen the electronic email. Called plaintiff to her office were we discussed the incident. Unit manager Ms. Smiddy stated "she seen the tape" and said "She was getting rid of the dog". She Also stated she would move me to a different unit while the institution works on a transfer to a facility were



no dogs are housed." She also stated the dogs are here to stay and I would leave before the dogs loft." (Referring to the dog program as a whole) Ms. Smiddy gave plaintiff a grievance form

10. on or about 12-17-25 plaintiff filed his grievance on the dog program.

11. on or about 12-17-25 plaintiff was called to the lieutenant's office were the staff degraded and belittled him. lieutenant Bowman, Captain M. svoboda, Lieutenant Murdock, and two-three other unknown staff name M. svoboda and LT Bowman being the main aggressers and only aggressive staff called me bitches, A little girl, a lier, threating to write him up if he didnt dismiss the grievance on the dog program. Said plaintiff was trying to subotage the funding for the dog program and the dog program has a hole. The staff surrounded plaintiff while they took turns verbally disrespecting him. Plaintiff filed a grievance for misconduct by staff with the Regional office which he has never recieved a response. That was filed on 12-18-25

12. On or about 12-17-25 I was taken to medical to be examined about the dog Attack.

13. on or about 12-17-25 plaintiff wrote the regional office and inform them of the staff misconduct and dog attack. And ask to be moved to a different facility.



14. on or about 12-17-25 plaintiff sent an electronic cop-out email to psychology informing them of all the recent incident. Informing them I cant sleep and when I do I have nightmares of being severly bitten by another dog. Plaintiff informed psychology he is tramiticed and need to talk to someone.

15. on or about 12-18-25 plaintiff sent an electronic email to the warden and AW informing them of the recent incident's. Acting warden D. Stickles emailed back and stated " get a grievance from unit team".

16. on or about 12-18-25 plaintiff walked to Golf unit were psychology staff office's are located. To talk to someone in person. Plaintiff was turned around and told he can't appear in person. To watch the call-out.

17. on or about 12-18-25 plaintiff was moved to Charlie unit Away from dogs into a regular cell.

18. on or about 12-18-25 plaintiff seen AW Hanson doing a walk through on Charlie unit about 12:15pm. Plaintiff informed the AW he recently sent him a electronic email about the recent incidents. He stated "I didnt see the email I'll look into it." Plaintiff never recieved a response

(10)

from AW C. Hanson.

19. on or about 12-18-25 around 12:05pm plaintiff seen LT Williams on the walkway informed him about the recent incidents and informed him I been trying to talk to psychology about the incidents but have been unsuccessful. He stated "they will contact me"

20. on or about about 7am dog in commisary with plaintiff

                      12-18-25

21. on or about 12-19-25 Counsler Pendley for no reason at all moved plaintiff out of a regular cell; moved a handicap person out of the handicap cell who walks with a cane, moved him into a regular cell. And moved plaintiff into that handicap cell. Being vindictive and spiteful.

22. on or about 12-19-25 1pm dog in law library

23. on or about 12-21-25 about 5pm plaintiff stopped and harrassed in the Chowhall by LT Morris he stated "I heard alot of different stories about the dog bite"

24. on or about 12-22-25 plaintiff went to sick call and informed the medical staff he has really bad anxiety due to the dog attack and staff misconduct and harrassment. Plaintiff informed medical he cant sleep and need meds; due to being tramatized.



25. On or about 12-22-25 plaintiff asked counster can he be moved back to his regular cell and out the handicap cell. seeing plaintiffs old regular cell had been vacant since he randomly moved me out the cell. Counster Pendley stated "no I am busy". But moved someone else in a few hours later.

26. on or about 12-22-25 plaintiff asked counster pendley could he view his discovery disc for plaintiff active criminal appeul. Counster refused said "he was busy".

27. On or about 12-22-25 6pm dog on walkway and by law library.

28. on or about 12-23-25 plaintiff again sent an electronic email to psychology informed them I was mentally going through it and I need to talk to someone with no response.

29. on or about 12-23-25 plaintiff's legal mail from the 7th Circuit Court of Appeals was rejected for the first time ever.

30. on or about 12-24-25 12:10pm dog on walkway

31. on or about 12-25-25 dog on walkway 1pm



32. On or about 12-26-25 6pm 5 dogs in recreation

33. On or about 12-31-25 plaintiff filed a grievance on R&D/ mailroom for staff misconduct intentionally trying to sabatage plaintiff's pending Appeal by rejecting legal mail from the Appeals Court. Being spiteful and vindictive. Plaintiff has not recieved a response.

34. On or about 12-31-25 Correctional officer and FSA Instructer Brubaker kicked plaintiff out of his FSA welding class due to a dog being in the classroom.

35. On or about 1-5-26 Jensen from psychology came to plaintiff's housing unit to speak with plaintiff. Plaintiff informed Jensen of the recent incident's. He informed plaintiff that "he should not be tramitized or mentally going through it since he was moved to a different range." I informed him my condition was ongoing and if anything it has got worst. He kept insisting Plaintiff should be ok. At that time plaintiff ended the conversation becouse he was not getting anywere with psychology staff Jensen.

36. On or about 1-8-26 Plaintiff again asked Counster pendley could he view his discovery disc for his Appeal. Counster again refused and stated "he was busy and dont have time to babysit you while you view discovery" he stated "you have to much going on you need to go back to Fox unit with those dogs." Plaintiff filed a grievance on Counster pendley on staff misconduct. For being spiteful and



vindictive and targeting me due to the grievance's recently filed.

37. on or about 1-11-26 at 12pm and 1pm dog on walkway and law library.

38. on or about 1-11-26 sent an electronic email to the Warden and AW about not recieving a response on the grievance filed on the dog program. Warden stated "contact unit team"

39. on or about 1-11-26 plaintiff asked counster Venard for an update on the dog program grievance. He stated he would look into it.

40. on or about 1-22-26 the dog that attacked the plaintiff was walked off the yard. That dog is no longer at this facility.

41. on or about 2-15-26 dog outside mainline

42. on or about 2-19-26 Correctional officer Stadle made a comment and stated "you fabricated the dog attack" "the dog program is a special program."



43. on or about 2-20-26 plaintiff sent an electronic email to Unit team about no response from the grievance on the dog. No response from unit team.

44. on or about 2-20-26 plaintiff went in Venard's office during open house and asked did he get an update on the grievance's filed. Venard. stated "no I will look into it"

45. on or about 2-21-26 plaintiff went to Unit manager's office and asked for an update on the grievance's filed. He stated "let me check and talk to ms. Smiddy."

46. on or about 2-22-26 plaintiff sent an electronic email to the warden and AW about unit team refusing to respond to any grievance especially the dog attack. He stated "I am not the admin remedy clerk."

47. on or about 2-26-26 plaintiff was sleep in his cell about 1pm. Counsler pendley and case manager scalia walked by seen me sleep. Said I was high searched plaintiff cell. Threw all his belongings everywere and confiscated his tablet and head phones for days before giving it back. Staff walked plaintiff to medical were the medical staff examined plaintiff. Asked him a few questions, for example whats the year? whats your name? (etc) Furthermore, they also gave plaintiff a breathlizer, piss test, plaintiff passed every test. Correctional officer Schaver stated "if you cut your dredlocks we



will leave you alone". LT Bowman stated "your the dog-man"" "we got the dogman". The staff were all laughing about who's going to write the incident report about being high. Or under the influence of drugs. Plaintiff again filed a grievance on that incident for retaliation and staff misconduct on 3-3-26 for being vindictive and spiteful. All staff involved that day, Case manager Drinkall, Case manager Scalia, LT Bowman, Counster pendley, Counster Venard, Secretary L. Neis, Correctional officer Schaver, Kitchen staff Simpson, and three-four other unnamed staff. Plaintiff was not high.

48. on or about 3-4-26 plaintiff asked Counster pendley for an update on his grievance's filed he stated "he thought it was over with and he heard I lied about the dog attack".

49. on or about 3-5-26 psychology Jensen called plaintiff to Golf unit to again discuss the recent incidents and stated he dont know how im still tramitized or mentally going through it when the staff moved plaintiff to a different range. Plaintiff again ended the conversation with Jensen due to Jensen not understanding or Attempting to understand like a real psychologist.

(16)

50. on or about 3-5-26 plaintiff was placed on anxiety and depression meds due to the dog attack.

51. on or about 3-10-26 12pm dog in law library looked like it was ready to attack plaintiff.

52. on or about 3-10-26 plaintiff turned BP-9 grievance on the dog program for the warden's review; after months of being ignored and lied too plaintiff on his own moved to the next phase or grievance form with no response from the warden.

53. on or about 3-11-26 5:25pm B. Kaufman correctional officer made a statement while plaintiff was on his way to recreation he stated "be careful out there" "its dogs out there" then started laughing.

54. on or about 3-12-26 1:30pm dog in law library

55. on or about 3-13-26 9am dog in law library

56. on or about 3-13-26 plaintiff filed grievance on dog's being in law library.

57. on or about 3-16-26 12pm 3 dogs in law library

58. on or about 3-20-26 8am 3 dogs on walkway while



plaintiff was on his way to Golf unit for a FSA class.

59. on or about 4-9-26 casemanager Scalia, Counster Venard, harrassed plaintiff on his way coming back from chow. Singled plaintiff out and said We got a call saying you were being watched on camera and said plaintiff had contraband on him. Searched plaintiff but came up empty. Plaintiff had no contraband of any kind.

60. on or about 5-11-26 dog in law library under workers table.

VI. Exhaustion of administrative remedy

plaintiff has timely filed and exhausted all avaliable administrative remedies prior to filing the complaint with no response from plaintiff's unit team, with no response from the warden, with no respone from the regional office.

VII. cause of action

Defendants, warden D. Stickles, the dog program, The owner of the dog program Donnie, William K. Marshall III

(18)

Director of the BOP, acted with deliberate indifference to plaintiffs serious mental care needs and safety needs. Violating plaintiffs rights under the eigth amendment of the united states constitution.

VIII. prayer for relief

Werefore plaintiff respectfully prays that this court enter an order, issuing declaratory relief, declaring that the acts and omissions of the defendants have violated plaintiff rights and stating the defendants duties with respect to those rights. Additionally, issuing injunctive relief commanding the defendants remove the dangerous dog program and/or transfer plaintiff to a institution were no dogs are housed. Lastly, Award plaintiff compensatory damages for the unnecessary ripping and torn out dredlocks; and unnecessary mental and emotional deterioration for staff continvously targeting plaintiff in many different ways; Consequential pain, emotional and mental suffering is current and ongoing. Plaintiff is tramitized and is dealing with his condition everyday. Plaintiff suffers from severe brain damage due to drug use. Plaintiff has understated how many times he has tried to inform the warden and AW About the situation. Plaintiff has also understated how many times he has tried to ask his entire unit team for an update an all grievance's filed. Plaintiff documented when he could but not everything has been documented

award plaintiff in an amount as yet to be deducted from the evidence, but in no event in an amount less then 2,000,000 (two million dollars) or any other relief that this court may deem just an proper. Moreover, trial by jury is hereby demanded on all claims alleged herein, and the parties are hereby given notice pursuant to Fed. R. Civ. P. 38(a)-(c).

## IX. Verification

Pursuant to 28 U.S.C. § 1746, I Antonio C. Armour declare and verify, under penalty of perjury the forgoing is true and correct.

I hereby certify, verify, and affirm I placed this mail in the prison mailing system on 5-18-26

Respectfully Submitted, Armour

Antonio



Index of Appendices

Appendix A - grievance on the dog attack

Appendix B - grievance sent to regional office of staff misconduct involving dog attack

Appendix C - grievance on the mailroom for refusing legal mail from the Appeals Court

Appendix D - grievance on Counsler for Staff misconduct

Appendix E - grievance sent to regional office involving staff misconduct and harrassment by staff

Appendix F - grievance to warden involving initial dog attack

Appendix G - grievance on dog program for dogs constantly being in law library

Appendix H - letter plaintiff wrote to William K. Marshall III. the director of the Bureau of prisons

Appendix I - letter plaintiff wrote the regional office

Issue/Complaint: Dog Program

Staff Initials: KS

TOM 1330.18H
10/27/2025
Attachment A

## FEDERAL CORRECTIONAL INSITUTION
## THOMSON, ILLINOIS
### ADMINISTRATIVE REMEDY: ATTEMPT AT INFORMAL RESOLUTION

Program Statement 1330.18, Administrative Remedy Procedures for Inmates, requires an inmate, in most cases, to make an attempt at informal resolution prior to filing an administrative remedy. An inmate with a complaint should complete the first two sections below and submit the form to a member of the unit team.

NAME: Armour, Antonio C          REGISTER NUMBER: 09(007-027

1. NATURE OF THE COMPLAINT (List a SINGLE complaint in the space provided below, one continuation pages is authorized)

I was walking past a dog in the rotunda and the dog bit me and grabbed my dreds. I had to tie three of my dreds back together. I am super scared of these dogs now. That could have been alot worst. I walk the other way once I see any dog now. Even outside the unit. There everywere. On the walkway, in commisarry, everywere. If a dog bit me once it can happen again. I feel I will be attacked. Everyday I am here I am scared and tramatized by the bite. This is a lawsuit.

2. WHAT RESOLUTION ARE YOU REQUESTING? (Note the staff you have addressed this issue with)

I am asking for a transfer thats not ground dogs. The staff working that day. and the unit manager.

Inmate Signature: Antonio Armour          DATE: 12-16-25

### TO BE COMPLETED BY STAFF MEMBER

3. RESPONSE (Efforts made to resolve the issue)

Correctional Counselor: _____          Date: _____

Unit Manager: _____          Date: _____

### TRACKING

Event Date: 12/13/25 afternoon          Event Date Plus 20 Days: _____

Date BP-8 Issued: 12/16/25          Date Returned to Unit Team: _____

Staff Member/Department
Referred to for Response: _____          Date Sent for Response: _____

Was Issue Resolved (Circle one):  Yes / No   (If no issued BP-9)          Date Returned to Inmate / BP-9 Issued: _____

Unit Team Case Number: _____

Appendix A

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

~~SENSITIVE~~

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Armour, Antonio C    09607-027    C-301    Thomson
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I was recently attacked by a dog here and got some of m dredlocks torn out. I had to tie them back together. I filed a BP-8 on the og program on 12-17-25. I was called to the LT's office that same day on -17-25 around 12:00 pm. The staff were threating to write me up for a bunch o tty shots. Threating to send me to the shu. They were all in my face screaming an elling at me, calling me bitches, a little girl, a lier, and a bunch of other names being ry verbally abusive trying to provoke me. Im positive they wanted to beat me down an mp on me. They said im trying to sabotage there funding for the dog program. And the do ogram as a hole. But I just sat there and took all the disrespect and verbal abuse. I a ey were trying to twist my words around, confuse me and manipulate the situation. I w scared of the staff, I am sure they will keep coming for me. I have wrote the AW, e warden and phycology with no response from anyone. I am afraid to go back to the LT's ffice by myself and there is noone here on my side to vouch for me. Im sure ther footage outside the LT's office as you can tell and see what was going on. without dio and video I want talk to them again. I need a witness. It was the captain M. svobode e LT that called me down, and a few others. May you please get me away from Thomson ay from the violent staff and dangerous dogs. Thank you

12-18-25     _Antonio Armour_
DATE                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          REGIONAL DIRECTOR
DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

**Part C - RECEIPT**              CASE NUMBER: _____

Return to: _____ _____ _____ _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____        SIGNATURE, RECIPIENT OF REGIONAL APPEAL
DATE

BP-230(13)
JUNE 2002

FPI-PEPR      PRINTED ON RECYCLED PAPER    Appendix B

Issue/Complaint: Staff Misconduct          *N. Graham*          TOM 1330.18G
10/22/2024
Attachment A

Staff Initials: JV

## FEDERAL CORRECTIONAL INSITUTION
### THOMSON, ILLINIOS
### ADMINISTRATIVE REMEDY: ATTEMPT AT INFORMAL RESOLUTION

Program Statement 1330.18, Administrative Remedy Procedures for Inmates, requires an inmate, in most cases, to make an attempt at informal resolution prior to filing an administrative remedy. An inmate with a complaint should complete the first two sections below and submit the form to a member of the unit team.

NAME: Armour, Antonio          REGISTER NUMBER: 09607-027

1. NATURE OF THE COMPLAINT (List a SINGLE complaint in the space provided below, one continuation pages is authorized)

I recieve legal mail extremly late, it has caused me to miss deadline on my active appeal. Normally its between 4 weeks to 6 weeks late. The latest is 2 months late. Also I have recieved over 20 pieces of legal mail since I have been housed here at Thomson. Sent the exact same way every time. I filed A BP-8 on the dog program on 12-17-25. I had legal mai from the Appeals court rejected for the first time on 12-20-25. The mailroom is intentionally trying to sabotage my Appeal. That could have been a deadline I had/have to meet. I have been trying to get A BP-8 for days.

2. WHAT RESOLUTION ARE YOU REQUESTING? (Note the staff you have addressed this issue with)

I want to recieve my legal mail at a reasonable time without any rejections from the Appeal court or district court or any legal mail.

Inmate Signature: *Antonius Armour*     DATE: 12-31-25

## TO BE COMPLETED BY STAFF MEMBER

3. RESPONSE (Efforts made to resolve the issue)

Correctional Counselor: _____          Date: _____

Unit Manager: _____          Date: _____

TRACKING

Event Date: 12-31-2025          Event Date Plus 20 Days: 01-20-2026

Date BP-8 Issued: 12-31-2025          Date Returned to Unit Team: _____

Staff Member/Department Referred to for Response: _____          Date Sent for Response: _____

Was Issue Resolved (Circle one): Yes / No (If no issued BP-9)          Date Returned to Inmate / BP-9 Issued: _____

Unit Team Case Number: C-25-169

*Appendix C*

Counsel _____

Issue/Complaint: Staff Missconduct _____

TOM 1330.18G
10/22/2024
Attachment A

Staff Initials: JV _____

# FEDERAL CORRECTIONAL INSITUTION
## THOMSON, ILLINIOS
### ADMINISTRATIVE REMEDY: ATTEMPT AT INFORMAL RESOLUTION

Program Statement 1330.18, Administrative Remedy Procedures for Inmates, requires an inmate, in most cases, to make an attempt at informal resolution prior to filing an administrative remedy. An inmate with a complaint should complete the first two sections below and submit the form to a member of the unit team.

NAME: Armour, Antonio _____

REGISTER NUMBER: 09607-027 _____

1.  NATURE OF THE COMPLAINT (List a SINGLE complaint in the space provided below, one continuation pages is authorized)

I have asked my counsler pendley can I view my discovery disc on numerous occasions and the refuse to allow me to view it. The last request was on 1-7-26. He stated I have to much going on, I need to go back to F unit and that he is too busy to be babysitting me while I view the dis He said he has other obligations. I have an active appeal and I often have to meet deadlines. I recently got Legal mail rejected
*please see seperate paper*

2.  WHAT RESOLUTION ARE YOU REQUESTING? (Note the staff you have addressed this issue with)

Ive addressed it with Mr. Pendley. I would like a transfer away from these spiteful and vindictive staff as they keep coming for me in differen ways. I am sure they want stop.

Inmate Signature: *Antonio Armour*

DATE: 1-8-26 _____

## TO BE COMPLETED BY STAFF MEMBER

3.  RESPONSE (Efforts made to resolve the issue)

_____

_____

_____

_____

_____

Correctional Counselor: _____

Date: _____

Unit Manager: _____

Date: _____

### TRACKING

Event Date: 01-08-2026 _____

Event Date Plus 20 Days: 01-28-2026 _____

Date BP-8 Issued: 01-08-2026 _____

Date Returned to Unit Team: _____

Staff Member/Department
Referred to for Response: _____

Date Sent for Response: _____

Was Issue Resolved (Circle one): Yes / No (If no issued BP-9)

Date Returned to Inmate / BP-9 Issued: _____

Unit Team Case Number: C-26-003 _____

*Appendix D*

leave you alone. All staff involved was casemanager drinkall, casemanager scalia, Counsler pendley, secretary L. Neis, Counsler venard, kitchen staff simpson, Correctional officer schaver, LT Bowman, and two-three other unknown named staff.

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

*SENSITIVE*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Armour Antonio C     09607-027     C     Thomson

       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** I have problems sleeping at night. I barely get any sleep. When I do sleep I often have nightmares of being severly bitten by another dog. I was in my cell sleep on 2-26-26 about 1pm. Th init team walked by seen me sleep said I was high took me out my cell to harress me. Took me to medical were a nurse examined, asked me a few questions like what's the year, whats your name etc. They also gave me a breathilizer and urine sample. I passed everything. They still locked me in a cell at medical for two hrs while they ramshacked my cell. Threw my belongings everywere and took alot of my belongings. Including my tablet and headphones. They se
ie got the dog man. One staff said you cut your dredlocks we will

3-3-26

    DATE             Antonio Armour

                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**                                see seperate pap

 

    DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

**Part C - RECEIPT**

                                      CASE NUMBER: _____

Return to: _____

       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

    DATE                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR           PRINTED ON RECYCLED PAPER    *Appendix E*          BP-230(13)
                                                          JUNE 2002

for the first time in 11 months from the 7th circuit court of appeals by the mailroom. It could have been a deadline I had/have to meet. The disc contains 25,000 pages/data. I was told I can't make copies, so I would need to view it frequently to take notes to factually support my appeal. I have only been able to view it twice for 90 mins since it Arrived on 7-10-25. Moreover, I moved to C unit from F unit on 12-17-25 the same day I filed a BP-8 on the dog program into a regular cell. The very next day on 12-18-25 Mr. Pendley moved a handicap person out of a handicap cell that walks with a cane into a regular cell then moved me into that handicap cell. And left my old regular cell open for days. I asked to be moved to the regular he moved me out of he said no im busy but moved someone else in that same cell later that day. He still refuses to move me out of the handicap cell. He is being spiteful and vindictive like the rest of the staff here.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Armour Antonio C  09607-027  C  Thomson
  LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST** I was Attacked by A dog on or About 12-13-2
I filed A BP-8 on the incident on 12-17-25. Since then I have asked the warden and my Unit team to get a transfer away from dogs. They not only refuse to move me. They refuse to respond to my Admin Remedy. They had 20 days to respond. It has been 3 months with no response. I am still tramatize by the Attacked. And I am mentally going through it. The warden refuses to force my unit team to respond. And my unit team keeps lying to me about the Admin Remedy. The Staff has targeted me in many different ways.

3-10-26
DATE

Antonio Armour
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

Appendix F

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
  LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Issue/Complaint: DOG PROGRAM

TOM 1330.18G
10/22/2024
Attachment A

Staff Initials: CP

## FEDERAL CORRECTIONAL INSITUTION
## THOMSON, ILLINOIS
## ADMINISTRATIVE REMEDY: ATTEMPT AT INFORMAL RESOLUTION

Program Statement 1330.18, Administrative Remedy Procedures for Inmates, requires an inmate, in most cases, to make an attempt at informal resolution prior to filing an administrative remedy. An inmate with a complaint should complete the first two sections below and submit the form to a member of the unit team.

NAME: ARMOUR, ANTONIO      REGISTER NUMBER: 09607-027

1.    NATURE OF THE COMPLAINT (List a SINGLE complaint in the space provided below, one continuation pages is authorized)

Every every single time time I try to go to the law library to work on my case there is dogs in there. I shouldn't have to constantly look over my shoulder wondering if a dog is near me to attack me. The do looked like it wanted to attack me if the handler didn't yank the collar. On 3-10-26 at 12pm. I document everytime I seen a dog in the law library. Its a long documented list. I was attacked by a dog on or around 12-13-2/5.

2.    WHAT RESOLUTION ARE YOU REQUESTING? (Note the staff you have addressed this issue with)

please keep those dangerous dogs on Fox unit.

Inmate Signature: _Antonio Armour_      DATE: 3-13-26

### TO BE COMPLETED BY STAFF MEMBER

3.    RESPONSE (Efforts made to resolve the issue)

Correctional Counselor: _____    Date: _____

Unit Manager: _____    Date: _____

### TRACKING

Event Date: 03/13/2026    Event Date Plus 20 Days: 04/02/2026

Date BP-8 Issued: 03/13/2026    Date Returned to Unit Team: _____

Staff Member/Department Referred to for Response: UNIT TEAM    Date Sent for Response: _____

Was Issue Resolved (Circle one): Yes / No (If no issued BP-9)    Date Returned to Inmate / BP-9 Issued: _____

Unit Team Case Number: C-26-023

Appendix G



Dear Director of the Bureau of prisons,                    12-28-25

        I am writing you due to the recent incidents that have occured here at Thomson. I was attacked by a dog and some of my dredlocks were torn out. I had to tie them back together. There should be footage and the dog handler seen the incident, he had to get the dog off my hair. I wrote a BP-8 on the incident on 12-17-25. Asking for a transfer were there are no dogs around. I am scared and tramatized. I was called to the LTS office that same day on 12-17-25 around 12:15 pm. The staff surrounded me, were threating me, calling me bitches, a lil girl and a bunch of other names being very verbally abusive and disrespectful, manipulating my words, trying to intimidate me and provoke me so they could all jump on me and beat me down. I am now scared and tramitized of the staff as will, as they keep coming for me in different ways and im sure they want stop. I Also filed a sensetive 10 on that incident on 12-18-25. I have an active appeal. I have a discovery disc in my central file. They refuse to let me view the disc. I have asked my counstor plenty of times he refused to let me view it. He keeps saying he is busy. They are intensionally trying to sabatage my appeal.

Appendix H



They are jeopardizing my freedom and playing with my life. Also for the first time ever they rejected legal mail and returned it, that the 7th circuit court of appeals mailed to me. They held it for weeks then rejected it on 12-20-25. 3 days after I filed on the dog program. They said I am trying to sabatage the funding and the dog program as a hole. Ive counted over 20 different consecutive pieces of legal mail I have recieved since ive been housed at Thomson. Sent the exact same way everytime. None have been rejected and returned. I was already dealing with emotional and mental trama with the dog attack. Its gotten even more severe due to the staff targeting me not only trying to beat me up, But trying to sabatage my Appeal. I am the victim. They are treating me like I did something wrong. May you please step In and help me get Away from these dangerous dogs and violent staff. I am considering filing a BP-8 on the mailroom for rejecting my legal mail from the Appeals court. That could have been a deadline I had/have to meet. And A BP-8 on my counsler for refusing to allow me to view my discovery disc. I am a pro se Appellant with an active appeal. I have reached out to psychology twice they have not responded. Thank you for your time and God bless you.

I hereby certify, verify and affirm the forgoing is true and correct under penalty of perjury.

I hereby certify, verify and affirm I placed this mail in the prison internal mailbox on 12-28-25

Respectfully
Submitted

Dear Regional office,                                                                          12-17-25

        I am writing you in regard to the BP 8 I recently filed here at Thomson. They have a dog training program here. I was walking past and the dog bit me out the blue. Im writing you because I fear retailiation from the staff here at Thomson. I believe they will try to give me incident reports (petty incident reports) to retailiate. Which is malicious prosecution and hopefully you dont let it stand. As you can see I have been incarcerated for 4 years and 7 months. I have not recieved any incident reports whatsoever of any kind. Im asking can you please dismiss any incident report based off malicious prosecution, or retaliation. Its not my fault a dog bit me. I didnt provoke it or try to pet it or anything. I was just walking by. I understand the Bop is a private entity and has its own set of rules that they comply with. Which the Bop can do what they want. Thats what scares me. The staff here has already tried to provoke me, intimidate me, and was very verbally abusive, calling me a lier, a little girl, and a bunch of other names. They were threating me with different shots and the shu. Thank you for your time and God bless you.

                    Appendix I                                   see back ⟶

I hereby certify, verify, and affirm the forgoing is true and correct under penalty of perjury.

I hereby certify, verify and affirm I placed this mail in the prison internal mailbox on 12-17-25

Respectfully
Submitted, Amon

Amon Amor